**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| ANTONIO JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:26-CV-403 |
| | § | |
| C.R. ENGLAND, INC. *d/b/a C.R. England* and MICHAEL E. WILSON, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Plaintiff Antonio Jackson's ("Jackson") Motion to Remand (#6) and Corrected Motion to Remand (#7). Having reviewed the pending motions, the court is of the opinion that motion (#7) should be denied subject to reassertion following compliance with the Local Rules and that motion (#6) should be denied as moot.

I. Background

This case arises out of a motor vehicle collision between two tractor-trailer operators, Jackson and Defendant Michael Wilson ("Wilson"). On August 7, 2026, Jackson filed his Original Petition (#1) in the 60th District Court of Jefferson County, Texas. Defendant C.R. England, Inc. d/b/a C.R. England ("C.R. England") removed the case to federal court on September 17, 2026. Jackson filed the pending Motion to Remand (#6) on October 2, 2026, and Corrected Motion to Remand (#7) on October 6, 2026.

II. Analysis

It is well established that "district courts have considerable latitude in applying their own rules." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 (5th Cir.

1990); *accord Webb v. Morella*, 457 F. App'x 448, 452 (5th Cir. 2012) (recognizing the district court's broad "discretionary authority to formulate and enforce local rules"). "[A] district court's decision whether to apply [a local rule] strictly or to overlook any transgressions is one left to the district court's discretion." *Stanciel v. Gramley,* 267 F.3d 575, 579 (7th Cir. 2001) (citing *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995)).

In the case at bar, Jackson has failed to comply fully with the Local Rules of the Eastern District of Texas. Under Local Rule CV-7(h), "a request for court intervention is not appropriate until the participants have met and conferred, in good faith, and concluded, in good faith, that the discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve." There is no indication that Jackson conferred with C.R. England in good faith before filing his motion for remand.

Specifically, Jackson failed to satisfy the substantive component of the "Meet and Confer" Requirement of the Local Rules. *See* LOCAL RULE CV-7(h). Local Rule CV-7(h) "has two components, a substantive and a procedural component." *Id.* "For opposed motions, the substantive component requires, at a minimum, a personal conference, *by telephone or in person*, between an attorney for the movant and an attorney for the non-movant." *Id.* (emphasis added).

Local Rule CV-7(h) further specifies:

> In the personal conference, the participants must give each other the opportunity to express his or her views concerning the disputes. The participants must also compare views and have a discussion in an attempt to resolve their differing views before coming to court. Such discussion requires a sincere effort in which the participants present the merits of their respective positions and meaningfully assess the relative strengths of each position.
>
> . . .

> Good faith requires honesty in one's purpose to discuss meaningfully the dispute, freedom from intention to defraud or abuse the discovery process and faithfulness to one's obligation to secure information without court intervention. For opposed motions, correspondence, e-mails, and facsimile transmissions do not constitute compliance with the substantive component and are not evidence of good faith. Such materials, however, may be used to show bad faith of the author.

*Id*.

Here, the parties did not engage in a personal conference, by telephone or in person. Instead, Jackson notes in his certificate of conference only that the parties corresponded by email. Therefore, the court finds that the documented conduct of the parties does not conform with the spirit of the Meet and Confer Requirement or the substantive requirements of Local Rule CV-7(h).

## III. Conclusion

Accordingly, Jackson's Corrected Motion to Remand (#7) is DENIED subject to reassertion following compliance with the Local Rules, and Jackson's Motion for Remand (#6) is DENIED as moot.

SIGNED at Beaumont, Texas, this 15th day of October, 2026.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE